SHERYL K. ITH (SBN 225071)
sith@cookseylaw.com
JENNIFER H. WANG (SBN 242998)
jwang@cookseylaw.com
COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977
(714) 431-1100; FAX: (714) 431-1145

Attorneys for Movant, DAIMLER TRUST

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re<br>CHRISTOPHER VANCE ACTON,<br>Debtor.<br><br>DAIMLER TRUST,<br>Movant.<br>vs.<br>CHRISTOPHER VANCE ACTON and KIMBERLY J. HUSTED, Trustee,<br>Respondents. | Case No. 16-20539-A-7<br><br>CHAPTER 7<br><br>DC No.   JHW-1<br><br>MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF<br><br>Date:   APRIL 11, 2016<br>Time:   10:00 AM<br>Dept:   A -  Ctrm 28, 7th Floor |

Movant is entitled to relief because cause exists to terminate the automatic stay pursuant to 11 U.S.C. §362(d), which states:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
>   (1)  for cause, including the <u>lack of adequate protection</u> of an interest in property of such party in interest;  or

(2) with respect to a stay of an act against property under subsection (a) of this section, if –

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization." (Emphasis added)

The Ninth Circuit Bankruptcy Appellate Panel (B.A.P.) held in In re Preuss 15 B.R. 896 (9th Cir. B.A.P. 1981) that:

"Relief must be granted if the debtor has no equity in the property, and the property is not necessary to an effective reorganization. ...Since reorganization is not relevant in Chapter 7, the only issue is to whether there is equity in the property. ...There being no equity for the benefit of the Chapter 7 estate ... it was incumbent on the court to dissolve the automatic stay."

11 U.S.C. §362(g) states:

"In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section –

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues." (Emphasis added.)

In this case "cause" exists pursuant to 11 U.S.C. §362(d)(1) since Debtor is in default for payments due under the Lease. Additionally, pursuant to 11 U.S.C. §362(d)(2)(a) Debtor has no equity in the Vehicle. Other cause exists since pursuant to Debtor's Statement of Intention, the Lease is rejected. (Declaration of Elizabeth Lugo.)

Dated: March 7, 2016        Respectfully submitted,

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG

By: _____
JENNIFER H. WANG,
Attorneys for Movant